UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:05CV-P32-R
CRIMINAL ACTION NO. 1:98CR-7-R

ANTHONY R. JOHNSON                                                              PETITIONER/MOVANT

v.

UNITED STATES DISTRICT COURT                                                    RESPONDENT

## OPINION

The petitioner/movant, Anthony R. Johnson, filed this action, invoking the court's jurisdiction pursuant to 28 U.S.C. § 2241, 28 U.S.C. § 2255, and 28 U.S.C. § 1651 (the "All Writs Act"). For the reasons set forth below, the court will deny the § 2241 petition, dismiss the requests for relief under § 1651, and transfer the § 2255 motion to the United States Circuit Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631 and *In re Sims*, 111 F.3d 45, 46 (6th Cir. 1997) because Johnson filed an unauthorized second or successive application for relief under § 2255.

### I.  PROCEDURAL AND FACTUAL BACKGROUND

On November 11, 1998, following trial by jury, Johnson was convicted of conspiracy to possess and possession of methamphetamine. *See United States v. Johnson*, Criminal Action No. 1:98CR-7-R, DN 194 (W.D. Ky. Nov. 11, 1998). On March 22, 1999, this court sentenced him to a term of 360 months for each conviction to be served concurrently followed by a five-year period of supervised release. *Id.* at 237. The Sixth Circuit affirmed his conviction on appeal. *United States v. Johnson*, Nos. 99-5033, 99-5588, 99-5680, 2000 WL 761883 (6th Cir. May 30, 2000).

On June 11, 2001, Johnson filed a motion pursuant to 28 U.S.C. § 2255 to vacate, set aside, or correct his sentence. *See Johnson v. United States*, 1:01CV-P100-R. On December 17, 2001, this court denied the motion. *Id.* at 2; *see also* Criminal Action No. 1:98CR-7-R, DN 296. The Sixth Circuit affirmed that decision on appeal. *Johnson v. United States*, No. 02-5086, Order (6th Cir. Aug. 28, 2002). And, on March 9, 2005, Johnson filed the instant action.

## II. PETITIONER'S ARGUMENTS

Johnson believes that the court's sentence of March 22, 1999, is void and "has no further force or effect whatsoever." (DN 1, p. 2). In reaching this conclusion, he claims that prior to *Apprendi v. New Jersey*, 530 U.S. 466 (2000) and its progeny, including *United States v. Booker*, — U.S. —, 125 S.Ct. 738 (2005), that the United States Sentencing Guidelines provided the exclusive authority for setting a federal defendant's sentence. Once the Supreme Court declared as unconstitutional the mandatory nature of the sentencing guidelines, Johnson surmises that his sentence became null and void and was so from its inception. For this reason, he believes that he is entitled to release from incarceration.

## III. ANALYSIS

### A. 28 U.S.C. § 2241

Generally, a federal defendant challenges his conviction and sentence by way of a motion to vacate filed pursuant to 28 U.S.C. § 2255. Relief under § 2241 "is not an additional, alternative or supplemental remedy to that prescribed under § 2255." *Charles v. Chandler*, 180 F.3d 753, 758 (6th Cir. 1999). A federal prisoner may challenge his conviction and imposition of sentence under § 2241, rather than under § 2255, only if he is able to establish that his remedy under § 2255 is inadequate or ineffective to test the legality of his detention. § 2255 ¶ 5 (also

2

know as the "savings clause"); *Charles*, 180 F.3d at 755-56.  The petitioner bears the burden of proving that his remedy under § 2255 is inadequate or ineffective.  *Id.* at 756.

Remedy under § 2255 is not rendered inadequate or ineffective "simply because § 2255 relief has already been denied ... or because the petitioner is procedurally barred from pursuing relief under § 2255 ... or because the petitioner has been denied permission to file a second or successive motion to vacate."  *Charles*, 180 F.3d at 756 (citations omitted).  Rather, "[t]he circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief."  *United States v. Peterman*, 249 F.3d 458, 461 (6th Cir.), *cert. denied*, 122 S. Ct. 493 (2001).  In fact, the Sixth Circuit has noted that unless the petitioner made a claim of "actual innocence," no court has permitted him to bypass § 2255's prohibition on second or second applications by way of a § 2241 petition.  *Martin v. Perez*, 319 F.3d 799 (6th Cir. 2003).

Here, Johnson is not entitled to pursue § 2241 relief merely because his prior § 2255 motion failed.  Moreover, he has not made a claim of "actual innocence" of the crime for which he was convicted.  An "actual innocence" claim requires "factual innocence, not mere legal insufficiency."  *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Hilliard v. United States*, 157 F.3d 444, 450 (6th Cir. 1998).  Johnson has not demonstrated the requisite actual innocence to justify the § 2241 petition.  Finally, the Supreme Court's decision in *Booker* does not clear the way for him to bring his present habeas petition as the Sixth Circuit has now held that *Booker* does not apply retroactively to cases on collateral review.  *See Humphress v. United States*, 398 F.3d 855 (6th Cir. 2005).

Because Johnson has failed to establish entitlement to relief under § 2241, the petition must be denied.

## B. 28 U.S.C. § 2255

As to relief sought by way of 28 U.S.C. § 2255, this is Johnson's second such motion, and he failed to obtain the requisite authorization required by 28 U.S.C. § 2244(b)(3)(A) and § 2255 ¶ 8. Therefore, this court lacks jurisdiction over the motion, and it will be transferred to the appellate court pursuant to 28 U.S.C. § 1631 which allows a court without jurisdiction to transfer a matter to the court which possesses jurisdiction. *See also Sims*, 111 F.3d 45, 46 (6th Cir. 1997).

## C. 28 U.S.C. § 1651

Though Johnson claims this court possesses jurisdiction over his requests under the All Writs Act, this court disagrees. The All Writs Act, codified at 28 U.S.C. § 1651, provides that "[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate *in aid of their respective jurisdictions* and agreeable to the usages and principles of law." 28 U.S.C. § 1651 (emphasis added). It is a "residual source of authority to issue writs that are not otherwise covered by statute[, and w]here a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Carlisle v. United States*, 517 U.S. 416, 429 (1996) (quoting *Pa. Bureau of Corr. v. United States Marshals Serv.*, 474 U.S. 34, 43 (1985)). In other words, the All Writs Act is not an independent grant of jurisdiction to a court but permits it to issue writs in aid of its jurisdiction the court independently possesses. *Tropf v. Fidelity Nat. Title Ins., Co.*, 289 F.3d 929, 943 (6th Cir. 2002) (holding that federal courts must have an independent basis for subject matter jurisdiction in

4

order to issue a writ in aid of such jurisdiction under § 1651). The court will therefore dismiss these requests for relief because it lacks jurisdiction over them.

Even if § 1651 conferred upon this court an independent basis of jurisdiction over Johnson's requests, he still would not be entitled to relief. Writs of mandamus and prohibition are drastic remedies that may be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. *See Will v. Calvert Fire Ins. Co.*, 437 U.S. 655, 661-62 (1978) (mandamus); *Kerr v. United States Dist. Court*, 426 U.S. 394, 402-03 (1976) (mandamus); *In re Gregory*, 181 F.3d 713, 715 (6th Cir. 1999) (rejecting a prisoner's request for remedies of mandamus and prohibition to challenge a district court's decision to construe a § 2241 petition as a § 2255 motion because he failed to "show a clear and indisputable right to the relief sought"). Johnson failed to show a clear and indisputable right to relief sought, especially where he cannot show entitlement to review under § 2241 or § 2255. *Halliburton v. United States*, No. 02-5670, 2003 WL 271754 (Feb. 4, 2003) (citing *In re Davenport*, 147 F.3d 605, 608 (7th Cir. 1998) which rejected petitions seeking mandamus, *coram nobis*, and *audita querela* relief given that Congress had specifically foreclosed relief by way of § 2241 and § 2255).

*Coram nobis* relief is unavailable as it "is available only when a § 2255 motion is unavailable--generally, when the petitioner has served his sentence completely and thus is no longer 'in custody' as required for § 2255 relief." *United States v. Johnson*, 237 F.3d 751, 755 (6th Cir. 2001) (citation and internal quotation marks omitted). Consequently, a prisoner in custody, like Johnson, is barred from seeking *coram nobis* relief. *Id. Audita querela* relief is likewise unavailable. It is available only in limited circumstances, one of which requires

5

completion of the sentence under attack. *Frost v. Snyder,* No. 00-5513, 2001 WL 406388, n.1 at *2 (6th Cir. April 4, 2001) ( "Since [*audita querela*] requires satisfaction of the judgment, it can only be used when the petitioner has served his or her sentence and been released from custody."). Johnson has not completed the sentence he now attacks.

Because § 1651 does not confer an independent basis for jurisdiction, and because Johnson failed to establish relief under the All Writs Act, the court lacks jurisdiction over the requests and they must be dismissed.

The court will enter an order consistent with this opinion.

Date:

cc:    Petitioner *pro se*
       4413.002